The next case for argument is 20-1728 Parrott v. Wilkie. Mr. Jelzma, whenever you're ready. May it please the court, this is David Jelzma representing claimant appellant Grover W. Parrott. Good morning your honors. The Veterans Court applied the wrong legal standard for equitable tolling under 7266 by not basing its analysis on the totality of the circumstances. It did so with respect to each required element for equitable tolling, extraordinary circumstances, due diligence, and nexus, and I will be addressing each of those errors in turn. Well before you get to that, Mr. Jelzma, can I just interrupt you there? This is Judge Crouse. Before you get to that, as I'm reading the Veterans Court opinion, and I don't think you dispute that the exact, the Veterans Court made essentially the same statements of law in its decision that you make in your brief about flexibility, etc. And what you're saying, I think, and you can clarify this for me, is that the board articulated a particular standard, the correct, may have articulated a correct standard, but it actually applied a different one. Now on our limited standard of review, which I'm sure you're aware of, why do we have jurisdiction to, if we don't have jurisdiction to review the application of law to pass, how do we have jurisdiction in your appeal? You do, the Federal Circuit does have jurisdiction to correct where the Veterans Court has applied the wrong legal standard. And in this case, that's what's occurred. Despite the fact that the Veterans Court may have recited the correct legal standard, James teaches us that what's mattered is what it actually applied. And when you look at the Veterans Court decision, what it did is it took Mr. Parrott's holistic argument about his extraordinary circumstances and parsed it into siloed circumstances, the four that it This is Judge Toronto. Can I ask you about that? So tell me why the following is wrong. So the Veterans Court addressed these four silos, to use your word, and as to one of them, the medical impairment, it said, not strong enough. But then I think as to all of the others, what it said was, there is nothing there during the relevant period, which is February to June of 2017. Anything at all in those other categories comes too late. And therefore, there's literally nothing in those silos, so that there's no prejudicial difference between considering them all together and considering the medical condition silo by itself. Your Honor, I would argue that the relevant appeal period is actually the period from February to June of 2018. Rather than the one you quoted from following the board's denial of the request for reconsideration on February 16, 2018. So the real relevant appeal period here is that one from February to June of 2018, not the one in 2017. Well, do I understand right? I thought the Veterans Court said, we the Veterans Court have, since the 20 day period for the notice of appeal is in fact, suspended, in fact, set back to zero, if during that same period, a reconsideration request is filed. But there was no such reconsideration request here. And therefore, the relevant period is actually the February to June 2017 period. Why is that not right? That's not right, Your Honor, because Mr. Perritt sent a request for reconsideration on August 17, 2017. That request for reconsideration was addressed by the February 16, 2018 board decision. So that first appeal period was essentially closed. And when that second decision came down in 2018, that decision itself. So that is the relevant appeal period here. And the other circumstances that you started off mentioning, those all existed prior to and into that relevant appeal period beginning February of 2018. And I don't think it is, but does the Joint Appendix include that denial, February of 2018, denial of reconsideration? No, Your Honor, it does not have a copy of that denial. It cites to the brief that mentions it. I am more than happy to supplementally file that document and any other that the court would require. It may be available to me on VeteransCourt.org. And it was part of the record before the agency, Your Honor. So it is before you in that regard. But I'm happy to supplement if you so desire. All right. So, Your Honors, the error with these extraordinary circumstances was siloing them into the separate individual circumstances and never taking an honest look at how they together could have constituted extraordinary circumstances. As is the correct standard, we see that the Veterans Court can apply those standards correctly in the Benson case where it did consider the totality and did not improperly silo as in our case. But moving along to due diligence, we also have a legal error in due diligence. For the due diligence factor, what occurred is rather than analyzing the totality of the due diligence factors, the Veterans Court made a per se determination that a veteran cannot use the same evidence to establish both extraordinary circumstances and non-response. In this situation, those letters are evidence both of the extraordinary circumstance of non-response and of due diligence and timely pursuing his claim. Furthermore, we have cases from the federal circuit saying that the Veterans Court needs to consider non-response as evidence of due diligence. I am referring to the Elliott v. Shinseki case. That was a 2014 case. Granted, that was a non-published opinion from the federal circuit, but it is very instructive. In that case, we had an attorney writing letters to the agency requesting status updates. Those letters were never answered whatsoever. The federal circuit remanded that case to the Veterans Court to consider whether the evidence of non-receipt and diligence, including the waiver status updates, would warrant equitable tolling. That case stands for the proposition that unanswered letters can be demonstrative of due diligence. Here, we also have a case where those unanswered letters is also part of his totality of extraordinary circumstances. The Veterans Court can only make the determination that Mr. Parrott presented no evidence or argument stating that he acted diligently. That is almost a verbatim quote, no evidence or argument. They can only make that determination if they have made the improper per se determination that the Veteran cannot use that same evidence for both prongs. To do so with error as regards the due diligence aspect of the test for equitable tolling. Finally, we will come to the third element for equitable tolling, in this case, nexus. This error, honestly, it flows from the first regarding extraordinary circumstances. This test for nexus is that the Veteran has to show causation between the extraordinary circumstances and the period that he or she seeks to toll. That standard incorporates the extraordinary circumstances standard. Therefore, if the court made an error as to the extraordinary circumstances determination, in which case, in this case, it did by analysis, will be inherently flawed. That is exactly what we have here. We have the court addressing the nexus requirement by merely saying that he has not submitted any information showing how these circumstances constrain his ability. Again, that can only be a determination that is applied that incorrect legal standard to. Moreover, there is just sort of a practical problem here in saying that he did not submit any information. When the court below ordered him to show cause while he was still acting pro se, mind you, when they ordered him to show cause, he wrote a letter to the court detailing the different medical appointments that he had had over the last year, which that would have spanned into that tolling period from February to June of 2018. He detailed the medical appointments, he gave the names of his doctors, the frequency, he detailed that he was, you know, having to do lab tests and things of that nature. And furthermore, he referenced the fact that he was still waiting for his medical exam. That reference is a reference to those two letters that he wrote that were never answered. Mr. Stover, this is Judge Toronto. Can I just return to the subject I asked you about? I have in front of me now the February 16, 2018 denial of reconsideration. And I think it is fair to say, at least on quick reading, it is very much on the merits, as opposed to this is not timely. Something that without the document, I don't remember there having been any discussion of what law, case law or otherwise might there be to suggest what I shouldn't focus on the 2017 gap, but only the 2018 gap. That a motion for reconsideration that the board or the board chair, I guess, addresses on the merits of a motion for reconsideration, even if that motion was filed outside the 120-day time period, it has the effect of starting a new clock for the notices of appeal. I don't have a good site for that exact proposition. We do have cases like Ratliff that would, if I may finish, Your Honor. Yes, please finish. We do, as I said, I don't have a good site for that exact proposition, which of course I am willing to brief in supplemental briefings if you would like. But we do have cases like that filing a motion for reconsideration tolls the finality of the underlying decision. And I think that sort of this proposition that a decision on the merits… Even an untimely one. I'm sorry? Even an untimely one. That's generally not the rule in the federal legal procedure. I understand. And my understanding of the Ratliff case is that it does need to be a timely motion for reconsideration. So that would be distinguishable from our case. However, I think that simply as a matter of fairness, when we are dealing with a regime that is designed to favor the veteran, that is designed to place a thumb on the scales for the veteran, I think it's fundamentally fair to say that if the board rules on a decision, they can't then go back and say, oh, that decision was still not final and we're still going to make you jump through the hoops for that period, even though we effectively closed it. And that would be my response, Your Honor. Thank you. Why don't we hear from the other side and we'll reserve rebuttal time. Thank you, Your Honor. May it please the court, I will address this question of the relevant appeal period first. I respectfully disagree with Mr. Parrott about the first appeal period here, the February 2017 to June 2017 appeal period not being a relevant period. I would first point the court to the – this ended up being a supplemental appendix that we filed, but it's the notice of appeal rights that was attached to the board's February 2017 decision. And it very clearly lays out that an appellant or a veteran has 120 days from the decision date if a motion for reconsideration is filed and it is filed within that 120 days, the 120 days starts again from the decision on that reconsideration. But if it is not filed within that 120 days, the reconsideration does not restart the clock for an appeal. One fact that was missing from the prior colloquy is that there is no timeliness issue for a motion for reconsideration to the board. A veteran can file a motion for reconsideration at any point and it is considered timely. And this is explicitly stated in this appeal notice as well. It goes from Appendix 63 to 64. Specifically at the top of Appendix 64, it says, remember the board places no time limit on filing a motion for reconsideration and you can do this at any time. However, if you also plan to appeal this decision to the court, you must file your motion within 120 days from the date of this decision. And again, above when it discusses the appeal to the court, it states that if a reconsideration motion is filed within the first 120 days, 120 days restarts once the decision is rendered on that motion for reconsideration. But then the merits decision on the motion for reconsideration, on an untimely motion for reconsideration itself can be appealed. Is that right? That is not correct, Your Honor. And again, there is no such thing as an untimely motion for reconsideration. I'm sorry. I'm just using the term timely to mean within 120 days. A motion for reconsideration filed on day 196 that is acted on on the merits. So that does not suspend the time for a notice of appeal from the original decision. Here, February 16, 2018, denial of reconsideration, whose critical paragraph is, as far as I can tell, very much on the merits, not anything else. Is the February 16, 2018 decision appealable to the Veterans Court? No, Your Honor, not in and of itself. It is only that the board's original decision, merits decision, that is appealable. And if, again, this is not, as I think Your Honor has noted, part of the joint appendix, but if you have that reconsideration decision in front of you, the third page of it is, again, the appeal rights. And those state, again, that you have 120 days from the date of the board decision. And it's talking about the original decision. And then it says, however, if you filed your motion for reconsideration within that 120 days, you now have an additional 120 days. There is no distinction between the character of the decision on reconsideration. And presumably every decision on reconsideration is going to be on the merits, again, because there is no such thing as a motion for reconsideration denied because it is untimely. And what's the authority for, what's the reason that the action on the reconsideration, so here, the February 16, 2018, not being appealable to the Veterans Court? Is there a statutory requirement that that flunks or what? Your Honor, I don't know that there is a statutory citation for that proposition. There is a Veterans Court ruling, and that's cited in this notice, the Rossler v. Derwinski 1991 decision. The primary justification is that, as I noted, the motion for reconsideration can be filed at any point. And 20 years down the road, a Veteran could timely file a motion for reconsideration before the board. The court, however, has determined that there has to be a cutoff point to an appeal. And that is 120 days from the original decision. Oh, I see. So I guess it's actually the citation of Engecko v. Gover near the bottom of that page of that February 16, 2018 addresses the point expressively. Yes, Your Honor, that's correct. And it does specifically talk about that timeframe in the 120 days. So I think the Veterans Court law and the statutory framework here make clear that in order for Mr. Parrott to succeed, that first he has to demonstrate that that 120, at the very minimum and first, has to demonstrate that the 120 days beginning at February 2, 2017 should be pulled. And in particular, particularly with respect to due diligence, Mr. Parrott's arguments make clear that his due diligence claims stem from his arguments surrounding the fact that the VA arguably sent him communication indicating that he need not take any further steps. Those communications occurred well after this 120-day period. And, in fact, after he filed his motion for reconsideration. So they really are not relevant to the tolling question of this first 120 days. And that was explained by the Veterans Court in its discussion of the, what it called, confusion caused by VA prong. This is Appendix 4 to 5. And that is also applicable to the due diligence as explained by Mr. Parrott. Very briefly, I will address the totality of the circumstances question. I think we've explained in our briefing that there is no explicit requirement that a court read any particular tolling request to look at the totality of the circumstances. But even considering the fact that the court did explain the correct legal framework here, explain that there is no mechanical rule, that there is a need for flexibility, and given that the court did indicate that it appears to have considered both individually and collectively the circumstances explained by Mr. Parrott, even assuming that that were some sort of, the totality of the circumstances were some sort of legal rule that the court required to follow, it did so here. And it did clearly consider all of Mr. Parrott's claims that he presented. In the background section of the court's decision, it goes through each of both Mr. Parrott's letters that he sent to the court in May of 2019, as well as the filing that was provided with the assistance of counsel thereafter. It details all of the claims he made in those filings, and it did very clearly consider all of them on their own merits, on their own facts, as applied to the legal framework that has been provided by this court in particular in Arbus. If the court has no further questions, we would simply ask that the court affirm the veteran court's decision on those bases. This is Judge Toronto. Can I just return to the topic that I was exploring with you as I was in process of learning about it? So I'm looking at Ngelke v. Gober, and it says the chairman's decision to deny a motion for reconsideration is generally not reviewable, but it is if there is new evidence or changed circumstances. And then it, I think, defines changed circumstances in a quite limited way. Was there new evidence here that was put in front of the chairman in the motion for reconsideration? Your Honor, I am not aware of any new evidence, and I'll be perfectly honest. I have not reviewed that decision particularly closely. At this point, my understanding of the reconsideration motion was that Mr. Peredek argued that there was certain evidence that was already available that the board did not consider, and that the conclusion on reconsideration was that the record reflected that, in fact, those records had, in fact, been considered. I am unaware of any true new evidence that was brought before the board as part of the reconsideration motion. Okay. Thank you. Okay. Mr. Jeltsa, you have some time on rebuttal. Thank you, Your Honor. First, I'd just like to return to this issue of the two appeal periods. I'd like to point out that the order to show cause that was issued to Mr. Peredek by the Court of Appeals for Veterans Claims contemplates two appeal periods. It contemplates an appeal period from February 2, 2017 to June 7, 2017. It also contemplates that second period from February to June of 2018. The order itself also contemplates there being two periods. I'm sorry to ask. Is the order in the joint appendix where you're talking about? Yes, it is. I'm specifically referring to appendix page 5, second line from the top. It's set off with an M-dash. It says it's the period that he wishes to toll from February 2017 to June 2017 and from February 2018 to June 2018. Clearly, there are two relevant appeal periods that were addressed here. At the very least, there needs to be a remand. I'm sorry. That's not actually the order to show cause, right? No, I'm sorry. I misunderstood you. I thought you were referring to the order on the equitable tolling decision. The order to show cause is not in the appendix. That is part of the docket for the CAVC. That docket entry is from March 21, 2019. We have access to that. Yes, but the same point is proved by that appendix, page 5, the top of it there. The court was considering two periods, February 2017 to June 2017 and February 2018 to June 2018. We maintain the relevant period is that second one, in which case these letters are evidence of extraordinary circumstance and due diligence that were not considered as part of the totality of the circumstances as is the proper legal standard. We would, of course, ask that this court reverse and remand the decision below with instructions to proceed on the merits of Mr. Parrott's appeal. Barring that, we would ask that this court vacate and remand with instructions to apply the correct legal standard. Barring that, I think at the very least, we need a remand to determine this proper period, whether it is 2017 or whether it is 2018 because that will bear directly on whether or not the extraordinary circumstances demonstrate due diligence and nexus. Thank you. Thank you, Your Honors. Thank both sides and the case is submitted.